FILED

MAY 03 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: STEPHEN LAW, | No. 09-60040 |
| Debtor, | BAP No. 09-1228-PaMkH |
| STEPHEN LAW, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| CAU-MIN LI and MICHAEL GOUDI, | |
| Appellees. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Pappas, Markell, and Hollowell, Bankruptcy Judges, Presiding

Submitted April 5, 2011[**]

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Stephen Law appeals pro se from the Bankruptcy Appellate Panel's ("BAP") order dismissing, for lack of standing, his appeal from the bankruptcy court's order granting a motion to enforce settlement and directing the Chapter 7 trustee to pay $120,000 from the estate. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo BAP decisions, and apply the same standard of review that the BAP applied to the bankruptcy court's ruling. *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The BAP properly dismissed the appeal for lack of standing because Law was not "directly and adversely affected pecuniarily" by the bankruptcy court's order and hence did not qualify as a "person aggrieved." *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999).

Law's remaining contentions are unpersuasive.

**AFFIRMED.**